**Julia BAPES, Administratrix to Collect of the Estate of Constantinos P. Bapes, Deceased, Plaintiff,**

v.

**TRANS WORLD AIRLINES, INC., a corporation, Defendant.**

**No. 59 C 1476.**

United States District Court
N. D. Illinois, E. D.

Oct. 5, 1962.

Vincent M. Clark and Salvatore G. La Placa, Chicago, Ill., for plaintiff.

Peterson, Lowry, Rall, Barber & Ross, Chicago, Ill., for defendant.

MINER, District Judge.

This matter coming on for hearing on the motion of the defendant to dismiss the Amended Complaint filed in this cause, and the Court having heard oral argument thereon, having read and considered memoranda filed in the cause, and being fully advised, the Court enters its Findings of Fact and Conclusions of Law, as follows:

### FINDINGS OF FACT

1. The defendant, Trans World Airlines, Inc., is a corporation organized under the laws of the State of Delaware; the plaintiff, Julia Bapes, is the appointed administratrix of the Estate of Constantinos P. Bapes and a citizen of the State of Illinois.

2. The original Complaint alleges that on or about April 26, 1956, the deceased, Constantinos P. Bapes, was a passenger on defendant's airplane enroute from Chicago, Illinois to Athens, Greece, and that the plaintiff's decedent sustained injuries on that date which caused his death on September 13, 1958; that the said injuries and death were caused by the negligent conduct of the defendant.

3. This suit was filed on September 11, 1959, more than two years after April 26, 1956, the alleged date of the occurrence and the date upon which the said flight was to have arrived at its destination at Athens, Greece, but within two years from the alleged date of death of the plaintiff's decedent.

4. On February 3, 1961, plaintiff filed her Amended Complaint asserting that the injuries complained of were caused by the wilful and wanton misconduct of the defendant.

5. The plaintiff was engaged in international transportation at the time of the alleged injuries as defined in Article 1 of the Warsaw Convention.

6. Article 25 of the Warsaw Convention, concerning which the United States has declared its adherence, provides as follows:

"(1) The carrier shall not be entitled to avail himself of the provisions of this convention which exclude or limit his liability, if the damage is caused by his wilful misconduct or by such default on his part as, in accordance with the law of the court to which the case is submitted, is considered to be equivalent to wilful misconduct.

"(2) Similarly the carrier shall not be entitled to avail himself of the said provisions, if the damage is caused under the same circumstances by any agent of the carrier acting within the scope of his employment."

7. Article 29 of the Warsaw Convention provides as follows:

"(1) The right to damages shall be extinguished if an action is not brought within 2 years, reckoned from the date of arrival at the destination, or from the date on which the aircraft ought to have arrived, or from the date on which the transportation stopped.

"(2) The method of calculating the period of limitation shall be determined by the law of the court to which the case is submitted."

### CONCLUSIONS OF LAW

1. This Court has jurisdiction of the parties to and the subject matter of this suit.

2. The rights and obligations of the parties fall under and are controlled by the provisions of the Convention for the Unification of Certain Rules relating to International Transportation by Air with Additional Protocol, commonly known as the Warsaw Convention, Treaty Series, No. 876, 49 U.S.Stat. at L. 3000, concluded at Warsaw on October 12, 1929, and adhered to by the United States on July 31, 1934, and by Greece on January 11, 1938.

3. Neither the exclusion nor the limitation of liability referred to in Section (1) of Article 25 of the Warsaw Convention operates to render inapplicable the limitations provisions set forth in Article 29 of the said Convention.

4. The limitations provisions set forth in Article 29 of the Warsaw Convention operate to extinguish any cause of action for damages arising under the said Convention which is not filed within the period specified in Article 29, whether the cause of action is based on negligent conduct, wilful and wanton misconduct, or otherwise.

5. Defendant is entitled to a judgment order dismissing this cause for the reason that it was not filed within the time limited by law, and that the Complaint and Amended Complaint fail therefor to set forth a cause of action.