Benjamin Brenner, J.
This is a negligence suit which arises out of the tragedy of February 3, 1959 when an American Airlines airplane crashed into the East River while attempting to land at La Guardia Airport. The decedent was a passenger on said plane.
Plaintiffs’ effort to strike the third defense which asserts defendant’s limitation of liability for injuries sustained contained in the Warsaw Convention is based on the theory that defendant breached the contract for international transportation. *349 The decedent originally purchased a round-trip ticket for passage from New York to Vancouver, British Columbia, via Seattle, Washington, and from Vancouver to New York, via Seattle and Chicago. Decedent arrived as scheduled in Vancouver and on February 3,1959 she attempted to there board a plane for Seattle and found that all flights departing from Vancouver were can-celled due to inclement weather. She thereupon took a bus from Vancouver and, on arrival at Seattle, obtained a refund for the proportionate share of the ticket price represented by the journey from Vancouver to Seattle and proceeded on the originally scheduled flight from Seattle to New York, via Chicago.
Now plaintiffs do not question that the contract provided for international transportation and that if the flight from Vancouver to Seattle had proceeded as scheduled the decedent would be subject to the Warsaw Convention under the contract. They contend, however, that the contract was breached when the flight from Vancouver to Seattle was cancelled and that it was subsequently rescinded when payment for the unused part of the plane ticket was refunded and a new contract for purely domestic travel from Seattle to New York in effect substituted. Though they do cite legal precedent to establish their right to rescind on breach of contract, they cite no Canadian or New York law to substantiate their claim that a breach of contract did result on the basis of the agreed facts and the events which occurred at Vancouver and Seattle. In my view of these events, no breach did in fact occur and, on the contrary, the parties actually complied with its terms.
The rules and regulations of Northwest Airlines, from whom decedent purchased the ticket, were made specifically applicable to and part of the contract by virtue of the printed conditions on the back of the ticket so purchased. They in effect provide that a cancellation, postponement or delay (however the actions of the airlines at Vancouver may be regarded) do not constitute a breach of the contract by the carrier. The carrier under said rules and regulations was given the absolute right without notice to make such cancellation, postponement or delay because of undisputed meteorological conditions. Plaintiffs’ argument that even though the airline had the right to do so under the contract, there was nonetheless a breach thereof and a subsequent right to rescind is therefore incomprehensible, as is their further argument that the involuntary refund (the refund slip is designated as such) constituted agreement on the part of the carrier to rescind though rule 11 of the aforesaid rules specifically provides for such refund due to cancellation, postponement, etc.
The actions of the parties would thus appear to be consonant *350 with and pursuant to the terms of the subsisting contract rather than a breach or termination thereof. The fact that decedent continued her flight from Seattle to New York on the original ticket, while not determinative of the question, is worthy of consideration. (It was pointed out that decedent was able to catch her original flight.) However, she did not cash in the remainder of her original ticket and did not purchase a new ticket for a flight from Seattle to New York and, instead, made use of the original ticket for the return flight. This does demonstrate that there was no intent on her part to rescind (even assuming that she had the right to do so). Finally, the refund demanded and received by her under that very ticket for the unused portion thereof would appear to be a determination on her part to enforce her rights thereunder and perpetuate rather than to rescind them. I must conclude on the agreed facts that the defendant did not breach and that the parties did not rescind the contract for “international transportation” and that consequently the Warsaw Convention provision as to limitation of liability does apply. The third defense cannot be stricken.
By its second defense, sought to be stricken, the defendant claims that article 29 of the Convention, which bars suits not timely commenced, is actually a condition precedent to the right of suit rather than a time limitation for such suit. It cites several cases which involve statutory actions to recover compensation wherein the courts hold that these time periods do constitute a condition precedent rather than a limitation. They so hold because the right of action created by the statute and incorporated therein set the time limitation as a condition precedent to the maintenance of the suit and is thus quite independent of practice remedies. (Hill v. Board of Supervisors of Rensselaer County, 119 N. Y. 344; Johnson v. Phoenix Bridge Co., 197 N. Y. 316.) Also cited is Balzano v. Port of N. Y. Auth. (232 N. Y. S. 2d 776) which similarly upheld the time limitation as a condition precedent. Here, again, the same statute which contained the limitation also created the remedy so that the limitation was in effect a restriction on the remedy created by the statute.
In the present instance, however, the Warsaw Convention does not create the remedy as the remedy is actually contained either in the common law or, as in the case at bar, the Decedent Estate Law of New York, which does not provide any time limitation. The two-year limitation of time set out in article 29 of the Convention cannot therefore be construed as a condition precedent, and since the saving clause of CPLB 205 is applicable to this suit which was timely commenced following termination *351 of the action in the Federal court, the second affirmative defense must be .stricken.
The motion to strike the first defense is consented to. The motion to strike is granted as to the second defense and denied as to the third defense.