Benjamin Brenner, J.
Plaintiffs, claiming newly discovered evidence, move for leave to renew their motion to dismiss the third affirmative defense of the defendant American Airlines, Inc., which alleges the provision for limitation of liability under the Warsaw Convention. The motion is granted and upon such renewal the original decision is adhered to.
Plaintiffs assert that following the denial of their motion it has been discovered that the decedent purchased aircraft trip insurance in Seattle on her return trip though she had already purchased aircraft trip insurance when she first left New York. They claim that this additional evidence establishes that the decedent regarded the original agreement for round-trip passage as having ended and her trip from Seattle, to New York as a ‘ ‘ single operation ’ ’ and no longer a continuing flight in “ international transportation,” thus rendering inapplicable the provisions of the Warsaw Convention.
Under subdivision (3) of article 1 of chapter I of the Warsaw Convention (49 U. S. Stat. 3000), where there are successive air carriers the intent of the parties is material; but the purchase of additional insurance has little bearing on decedent’s intent relative to termination of the contract for international transportation or of the character of the trip from Seattle to New York in terms of internal or international passage.
I have already pointed out in my original opinion (44 Misc 2d 348) that the decedent, after taking a bus from Vancouver to Seattle, did not cash in the ticket which she retained but merely obtained a refund for the Vancouver to Seattle portion of that ticket, and proceeded to New York on that ticket which clearly called for international transportation under subdivision (2) of article 1 of the Warsaw Convention. There may be numerous reasons why she purchased the additional insurance other than that asserted, namely, that she did so because she considered the round trip at an end and the original flight insurance no longer in effect. She may have purchased it because she wished additional coverage in view of the forecast of bad weather or because she believed that in view of the interruption of the flight, the original flight insurance might not apply. (Parenthetically, the estate has collected the proceeds of both the New York and the Seattle policies.) I consider that the determining factor here is that she pursued her right to enforce *873 her contract by continuing her trip to New York on the original ticket. This intent to continue rather than terminate the original trip is further demonstrated by the fact that at no time did the decedent attempt to obtain a refund for the remaining portion of her ticket.
This view of the legal implications applies to the change of airlines in Chicago since the ticket from Chicago to New York on an airline other than the one with which she had originally contracted was made as part of her original contract. It was not she but the contracting airline which obtained that ticket for her and this did not in any way change the international character of the trip. Thus the defendant American Airlines is not an outside party, unjustly garnering the advantage of the limitation provided by the Convention. The decedent in her contract of passage agreed to the reservation therein on the part of Northwest Airlines to substitute a carrier, such as this defendant, under specified conditions. The latter stands in the shoes of and is entitled to invoke the liability limitations to which decedent had agreed.
Much is made of the recent case of Eck v. United Arab Airlines (15 N Y 2d 53) in which the Court of Appeals liberally interpreted a provision of the Warsaw Convention dealing with jurisdiction in an action under the Convention. The court in that case did not in any way refer to the limitations of liability provisions nor to the definitions of international transportation in the Convention. It would therefor be presumptuous of this court to disregard what appears to be the clear provisions of an international treaty to which the United States Government is a party.
The plaintiffs also argue that to treat this decedent differently from the other unfortunate passengers aboard the ill-fated airplane, making what was clearly a domestic flight from Chicago to New York, would be a denial of the constitutional guarantees of the equal protection of the laws. That argument was rejected in Grey v. American Airlines (95 F. Supp. 756) in which it was held permissible to treat some passengers on the same flight as being in international transportation and some as being in domestic transportation.
There is little doubt of the pressing need to liberalize the limitations and to expand recovery under the Warsaw Convention but these reforms cannot be accomplished through Judge-made law which would conflict with well-established principles of contract law and treaty obligations.