CHARLOTTE BERGMAN, Respondent, *v.* PAN AMERICAN WORLD AIRWAYS, INC., et al., Appellants.

First Department, May 13, 1969.

*Douglas B. Bowring* of counsel (*James J. Sentner, Jr.*, with him on the brief; *Haight, Gardner, Poor & Havens*, attorneys), for appellants.

*Robert J. Feldman* for respondent.

STEUER, J. Plaintiff suffered injuries while boarding an airplane in Mexico City. It is undisputed that this incident was in the course of an international flight and hence would be subject to the Warsaw Convention (49 U. S. Stat. 3000 *et seq.*). It is further conceded that this action was instituted more than two years after the happening of the accident and that two years is the period of limitations provided in the Convention (art. 29, subd. [1]). It was, however, begun within the period limited by the laws of this State.

It is plaintiff's contention that by the terms of the Convention itself the shorter statute does not apply. The provisions relied upon are articles 3 and 25 of the Convention. The relevant portions of article 3 read:

" (1) For the transportation of passengers the carrier must deliver a passenger ticket which shall contain the following particulars: * * *

" (e) A statement that the transportation is subject to the rules relating to liability established by this convention.

" (2) * * * Nevertheless, if the carrier accepts a passenger without a passenger ticket having been delivered he shall not be entitled to avail himself of those provisions of this convention which exclude or limit his liability."

As regards the exclusion contained in article 3, the facts are indisputable. The ticket is before the court. And while the defendant has asserted that the exhibit is not the entire ticket, no other or additional paper purporting to be a part of the ticket was produced. The ticket does contain a statement meeting the requirement in article 3 (subd. [1], par. [e]). However, it is printed in type so small as to be practically illegible. Tickets in virtually identical form have been held, because of this inadequate notice, to fail to meet the requirement (*Egan* v. *Kollsman Instrument Corp.*, 21 N Y 2d 160; *Lisi* v. *Alitalia-Linee Aeree Italiane, S.p.A.*, 370 F. 2d 508, affd. 390 U. S. 455). The resulting situation is the same as if the carrier delivered no ticket at all.

It follows that the carrier may not avail itself of those provisions of the Convention which exclude or limit its liability. Is a statute of limitations a provision that excludes or limits liability? We think not for several reasons. Firstly, because a statute of limitations never limits liability, nor does it exclude it. Such a statute does render the existing liability unenforceable. The distinction is far from semantic. If by virtue of any state of facts the statute is tolled or waived, the liability is unaffected. The liability was not extinguished and revived. There was merely a bar to its enforcement which might or might not be overcome. Secondly, the internal evidence of the Convention indicates what provisions were meant to be excluded. Undoubtedly the most significant provisions of the Convention are those dealing with the monetary limitations on the carrier's liability in the event of recovery against it for negligently caused injury. In mentioning a limitation on liability, the reference naturally occurring to the reader is that limitation. Lastly, whenever the question of what was meant by the language was being considered, the limitation referred to was understood to be the limitation on liability provided for in article 22. We have not been referred to any minutes of the original body from which the Warsaw Convention emanated, in which articles 3 and 25 were discussed, but it appears quite certainly from the discussions at the 1925 Hague Convention, where amendments to the original Convention were considered, that it was the understanding of the delegates that the limitations to be excluded were solely those provided for in article 22 (Hague Protocol, arts. III and XIV). Moreover, what judicial determination exists on the precise point is, as will be seen below, to the same effect.

The relevant portion of article 25, also relied upon, reads: " (1) The carrier shall not be entitled to avail himself of the provisions of this convention which exclude or limit his liability, if the damage is caused by his wilful misconduct ". This provision has twice been before the courts on the contention that the exclusion or limitation of liability included the statutory time limitation. In both instances the contention was rejected (*Bapes* v. *Trans World Airlines*, 209 F. Supp. 380; *Wanderer* v. *Sabena*, 1949 U. S. Av. R. 25 [Sup. Ct., N. Y. County, 1949]). As the pertinent language is practically the same under articles 3 and 25, we can envisage no different result if the argument were made in reference to article 3. There being no provision in the Convention which forbids or excuses the application of the time limitation contained in it, that limitation applies and the action should be dismissed.

Order of the Appellate Term filed June 14, 1968, should be reversed on the law and order of the Civil Court filed December 11, 1967, reinstated, with one bill of costs in all courts to defendants-appellants.

EAGER, J. P., and McGIVERN, J., concur with STEUER, J.; MARKEWICH, J., dissents in the following memorandum, in which NUNEZ, J., concurs: I dissent and would affirm on the opinion at Appellate Term.

Determination reversed, on the law, with $50 costs and disbursements to defendants-appellants in this court, and the order of the Civil Court entered December 11, 1967, reinstated, with costs to the defendants-appellants in the Appellate Term and in the Civil Court, and the clerk directed to enter judgment in favor of defendants-appellants dismissing the complaint, with costs.