■ In the Matter of JOHN J. McPARTLAND v. THOMAS F. McCOY.— Motion to dismiss appeal and appeal transferred to Appellate Division, Third Department, for hearing and determination, pursuant to CPLR 5711. Concur — Eager, J. P., Capozzoli, McGivern, Nunez and Steuer, JJ.

## (March 17, 1970)

■ BELLE JAFFE, Respondent, v. BRITISH OVERSEAS AIRWAYS CORPORATION, Appellant.— Determination of Appellate Term, dated February 18, 1969, reversing judgment of Civil Court dismissing the complaint, unanimously reversed on the law, with $50 costs and disbursements to appellant, and judgment of Civil Court reinstated. There being no provision in the Warsaw Convention (49 U. S. Stat. 3000, *et seq.*) that forbids or excuses the application of a two-year period of limitation (art. 29, subd. [1]), the limitation applies and the complaint must be dismissed. (*Bergman* v. *Pan American Airways,* 32 A D 2d 95.) We further advert attention to CPLR 5703 and to the requirement that a stipulation for judgment absolute be filed in an appeal by permission of the Appellate Term, from the Appellate Term to the Appellate Division. Failure to so file has been held to be ground sufficient for dismissal of the appeal. (*Terminato* v. *Feit,* 29 A D 2d 651.) And it has been further held dismissal is required even though the question was not raised by counsel. (*City of Buffalo* v. *Stevenson,* 207 N. Y. 258, 264.) Concur — Stevens, P. J., McGivern, Markewich and Steuer, JJ.

■ In the Matter of FRANK J. RUSSO, Appellant, v. JAMES M. POWER et al., Constituting the Board of Elections of the City of New York, and LOUIS DE SALVIO, Respondents.— Judgment unanimously affirmed, without costs and without disbursements. No opinion. Concur — Eager, J. P., McGivern, Markewich and Tilzer, JJ.

■ In the Matter of STEPHEN BEHRMAN, Alleged to be a Permanently Neglected Child. TOBY BEHRMAN, Appellant; JEWISH CHILD CARE ASSOCIATION OF NEW YORK, Respondent.— Order of the Family Court, entered on or about August 21, 1969 affirmed, without costs and without disbursements. In affirming, we point out, as the Judge who made the order did not, that, though there might be disagreement as to whether, reading together the requirements and definitions of sections 622 and 624 of the Family Court Act, " the allegations required by paragraphs  *  *  *  (c), and (d) of section six hundred fourteen are supported by a fair preponderance of the evidence ", there can be no doubt whatever that, in the sad circumstances of this case, and, as provided by subdivision (e) of section 614, " the moral and temporal interests of the child require that the  *  *  *  [parent's]  *  *  *  custody of the child be terminated permanently." This conclusion is established by the overwhelming weight of the evidence. Concur — Eager, J. P., Capozzoli, Markewich and Steuer, JJ.