■ In the Matter of WAYNE T. D. PUTNAM COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DWIGHT PFEIFFER et al., Intervenors-Respondents; CAROL D., Appellant.—In a proceeding pursuant to article 6 of the Family Court Act to, *inter alia,* declare a child to be permanently neglected, the natural mother appeals from an order of the Family Court, Putnam County, dated December 28, 1977, which after a hearing, declared the infant to be a permanently neglected child, terminated parental custody and awarded custody of the child to the petitioner. Order reversed, on the law and the facts, without costs or disbursements, and proceeding dismissed. Pursuant to subdivision 1 of section 614 of the Family Court Act, petitioner, the Putnam County Department of Social Services, commenced the instant proceeding to, *inter alia,* declare Wayne T. D. to be permanently neglected, alleging, *inter alia,* that the natural mother "has failed for a period of more than one year following the placement or commitment of the child to the care of [the] petitioner, substantially and continuously or repeatedly, to maintain contact with and plan for the future of said child although physically and financially able to do so." A fact-finding hearing was held on July 28, 1977 and on December 28, 1977 the hearing court (1) declared the child to be permanently neglected, (2) permanently terminated the natural mother's right to custody and (3) awarded custody of the child to the department of social services. This appeal followed. The evidence adduced at the hearing was sufficient to establish that on February 28, 1973 the natural mother gave birth to a son, Wayne, in Putnam County, and that shortly thereafter she placed him in the temporary care and custody of the department of social services of that county. Since that time Wayne has continuously resided with the same foster parents. The natural mother, who at the time of the birth was an inmate of the Wassaic State School, subsequently absconded therefrom and moved to Westchester County, where she has lived in a succession of six residences to date. During the four years since the child's birth the natural mother has not been gainfully employed, but has

relied exclusively on the Westchester County Department of Social Services for support. During this period, she also gave birth to a second child, born October 27, 1975, who presently resides with her. She has visited her first child on only about 10 occasions since placement commenced, most of these visits taking place in the offices of the Putnam County agency. At one point, a period of 13 months elapsed during which time she did not visit with her first child. It is not disputed that the cost of transportation from the natural mother's residence in Westchester County to the Putnam County agency's office (then in Mahopac) is $7.40 per round trip, and that many times she lacked sufficient funds to travel and had to borrow money from her friends. When she asked the Westchester County agency for additional money to visit her son in Putnam County or to provide her with transportation, the agency refused, stating, in effect, that she would have to budget for this out of her current allotment. She was not living in Putnam County at the time, and did not ask the Putnam agency for funds for visitation. Subdivision 1 of section 614 of the Family Court Act authorizes a local agency to originate a proceeding to permanently deprive a parent of the guardianship and custody of her child where the parent, notwithstanding the agency's "diligent efforts to encourage and strengthen the parental relationship * * * has failed for a period of more than one year * * * substantially and continuously or repeatedly to maintain contact with or plan for the future of the child although physically and financially able to do so". We find no basis in the record before us for holding that the natural mother was financially able to maintain substantial contact with her first child during the period involved or that she was diligently encouraged by the petitioner to plan for his future. Being a recipient of public assistance, the natural mother was presumably unable to support herself and a fortiori her first child as well. Concerning the requirement of substantial planning for a child's future, the Court of Appeals has recently stated in *Matter of Orlando F.* (40 NY2d 103, 110) that: "To 'substantially plan' 'means to formulate, and act to accomplish, a feasible and realistic plan' *(Matter of Stephen B.* (60 Misc 2d 662, 668, affd *sub nom. Matter of Behrman,* 34 AD2d 527; see, also, *Matter of Orzo* [84 Misc 2d 482], *supra,* p 489)." Since the natural mother could not support either herself or her first child, was on public assistance, and was actively caring for her new-born (second) infant during the last one and one-half years of the period under review, it is obvious that she could not formulate any feasible and realistic plan for the future of her first child without substantial aid and assistance from the concerned local agencies. On the present record, it does not appear that more than minimal aid was forthcoming (Family Ct Act, § 614; Social Services Law, § 384-b, subd 7). Similarly, the record reveals she was financially *unable* to maintain substantial contact with her first child. Petitioner, having failed to carry its burden of proof (Family Ct Act, § 622), it follows *ex necessitate* that the natural mother's first child should not have been declared permanently neglected after the fact-finding hearing. Therefore her right to custody should not have been permanently terminated. Lazer, J. P., Rabin, Gulotta and Cohalan, JJ., concur.