**Opal DeLois STONE, Plaintiff-Appellant,**

v.

**MEXICANA AIRLINES, INC., Defendant-Appellee.**

No. 78–1237.

United States Court of Appeals, Tenth Circuit.

Argued Nov. 28, 1979.

Decided Dec. 10, 1979.

Stephen McCormick (John B. Stuelpnagel, Denver, Colo., on the brief), of Tucker, Stuelpnagel & Brown, Denver, Colo., for plaintiff-appellant.

W. Robert Ward of Weller, Friedrich, Hickisch & Hazlitt, Denver, Colo., for defendant-appellee.

Before SETH, Chief Judge, and BREITENSTEIN and LOGAN, Circuit Judges.

PER CURIAM.

Opal DeLois Stone sued Mexicana Airlines, Inc., in federal district court claiming damages from an airplane crash that occurred in Mazatlan, Mexico. Jurisdiction was based upon diversity of citizenship and provisions of the Warsaw Convention, 49 Stat. 3000 (1934). Summary judgment was entered in favor of Mexicana on the ground that the two-year period of limitations stated in Article 29(1) of the Warsaw Conven-

tion had expired. Applicability of that provision to the instant case is the sole issue on appeal.

Stone's complaint, filed June 27, 1977, alleged an injury arising from an airplane crash that occurred on October 20, 1973. The only basis for avoiding applicability of the two-year period of limitations is an allegation in the complaint that Mexicana's negligence was "wanton, willful and in utter disregard of the safety of . . . Plaintiff." It is argued that the allegation of willful misconduct takes the case out of Article 29(1) because Article 25 declares that the carrier may not avail itself of provisions "which exclude or limit his liability, if the damage is caused by his willful misconduct or by such default on his part as, in accordance with the law of the court to which the case is submitted, is considered to be equivalent to wilful misconduct." Plaintiff contends Article 29(1) is a provision that excludes or limits liability.

The only two cases that have directly considered the question have held the two-year limitations period stated in Article 29(1) applies to actions based upon willful and wanton misconduct. *Bapes v. Trans World Airlines, Inc.,* 209 F.Supp. 380 (N.D. Ill.1962); *Bergman v. Pan American World Airways, Inc.,* 32 A.D.2d 95, 299 N.Y.S.2d 982 (App.Div.1969). We agree with the conclusion in those decisions. *Cf. Molitch v. Irish Int'l Airlines,* 436 F.2d 42 (2d Cir. 1970) (similar "exclude or limit liability" language in Article 3(2) held not to take the case outside Article 29(1)). We do not believe the language of Article 25 was intended to result in periods of limitation differing in accordance with the type of conduct giving rise to the cause of action. Airplanes travel through many jurisdictions and it is evident that a uniform period of limitations was determined to be desirable.

The judgment is affirmed.