■ S & J Deli, Ltd., Also Known as S & J Pizza, Respondent, v New York Property Insurance Underwriting Association, Appellant.—In an action to recover damages for the alleged breach of two contracts of insurance, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Buschmann, J.), dated June 18, 1984, as denied its motion for summary judgment dismissing the plaintiff's complaint based upon the plaintiff's failure to timely institute suit, and granted that branch of the plaintiff's cross motion which was to dismiss its fourth affirmative defense based upon the failure to institute suit in a timely manner.

Order affirmed, insofar as appealed from, with costs.

This action was brought to recover upon policies of fire insurance issued by the defendant to the plaintiff. The policies contained a period of limitation of two years in which to commence suit, pursuant to Insurance Law § 3404 (e). The loss occurred on July 6, 1981, when a fire destroyed the property insured by the defendant. On June 29, 1983, counsel for the plaintiff filed a summons with the Queens County Clerk, for the purpose of tolling the period of limitations for 60 days pursuant to CPLR 203 (b) (5). Personal service was effected on August 23, 1983, more than two years after the loss but within the 60-day period.

The toll contained in CPLR 203 (b) (5) is directly applicable to the limitations period set forth in a fire insurance policy (see, Hamilton v Royal Ins. Co., 156 NY 327; see also, Morris Demolition Co. v Board of Educ., 40 NY2d 516, 521). The two-year period for commencing an action is not a condition precedent to suit, because a cause of action to recover damages for the breach of an insurance contract existed at common law and was not created by the statute containing the two-year period (Insurance Law § 3404 [e]; see, Romano v Romano, 19 NY2d 444; Kahn v Trans World Airlines, 82 AD2d 696). The period is, rather, a Statute of Limitations and is subject to the tolling provisions of the CPLR (see, Morris Demolition Co. v Board of Educ., supra). Mangano, J. P., Gibbons, Thompson and Bracken, JJ., concur.