[900 NYS2d 536]

BERTHA DAIL, as Executor of LOUIS R. WHITE, JR., Deceased, Respondent, v MERCHANTS MUTUAL INSURANCE COMPANY, Appellant.

Fourth Department, April 30, 2010

## APPEARANCES OF COUNSEL

*Rupp, Baase, Pfalzgraf, Cunningham & Coppola LLC*, Buffalo (*Marco Cercone* of counsel), for appellant.

*Burgett & Robbins, LLP*, Jamestown (*Robert A. Liebers* of counsel), for respondent.

## OPINION OF THE COURT

CARNI, J.

This appeal presents the issue whether the one-year extension of time in CPLR 210 (a) to commence an action that is afforded to a decedent's representative applies to the standard two-year period of limitations contained in homeowner's insurance policies, such as defendant's policy, pursuant to Insurance Law § 3404 (e). For the reasons that follow, we conclude that Supreme Court properly determined that it does and thus that the order denying defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7) should be affirmed.

The underlying facts are not in dispute. On February 18, 2005, defendant issued a homeowner's policy to plaintiff's decedent. On December 5, 2005, while the policy was in effect, the insured premises and its contents were destroyed by fire. On October 31, 2006, defendant denied decedent's claim for policy benefits and, on July 5, 2007, decedent died. On May 16, 2008, plaintiff was issued letters testamentary appointing her as the executor of the insured's estate. On July 3, 2008, plaintiff commenced this action as executor of decedent's estate, seeking to recover under the policy. The "conditions" section of the policy provides in relevant part that "[n]o action can be brought [against us] unless the action is started within two years after the date of loss."

Here, when measured from the date of the loss, i.e., December 5, 2005, the action, which as noted was commenced on July 3, 2008, exceeded the two-year period of limitations. Plaintiff contends, however, that the tolling provision of CPLR 210 (a) extended her time in which to commence this action until one year after decedent's death, or until July 5, 2008. We agree.

CPLR 210 (a), entitled "Death of claimant," states: "Where a person entitled to commence an action dies before the expira-

tion of the time within which the action must be commenced and the cause of action survives, an action may be commenced by his [or her] representative within one year after his [or her] death." Defendant contends that the Legislature did not include any language in CPLR 210 (a) that would permit the application of the death toll to a contractual period of limitations. Defendant also contends that the satisfaction of the two-year contractual period of limitations is a "condition precedent" to bringing an action against it and thus in any event is not subject to the statutory toll.

Our review of the applicable case law in New York State discloses that the courts have uniformly applied tolling provisions to the two-year period of limitations contained in policies of insurance in accordance with Insurance Law § 3404 (e). In *S & J Deli v New York Prop. Ins. Underwriting Assn.* (119 AD2d 652 [1986]), the Second Department rejected the defendant insurer's contention that the period of limitations was a "condition precedent" and held that "[t]he toll contained in CPLR 203 (b) (5) is directly applicable to the limitations period set forth in a fire insurance policy" (*id.*). In addition, the First Department applied the "[i]nfancy, insanity" toll contained in CPLR 208 to the two-year period of limitations in an insurance policy (*Bookstein v Republic Ins. Co.*, 266 AD2d 113 [1999]).

We reject defendant's "condition precedent" theory inasmuch as the cause of action to recover damages for breach of contract based on a fire or a homeowner's insurance policy existed at common law and was not created by the insurance statute containing the two-year period of limitations (*see S & J Deli*, 119 AD2d 652 [1986]; Insurance Law § 3404 [e]).* It has never been incumbent upon an insured to plead and prove compliance with the applicable statute of limitations as a condition precedent in commencing a breach of contract action under the common law against an insurer. Moreover, we perceive no indication in the language of Insurance Law § 3404 (e) indicating that the two-year period of limitations was intended to be in the nature of a condition precedent (*cf. Kahn v Trans World Airlines*, 82 AD2d 696, 709 [1981]).

We therefore conclude that the "death toll" in CPLR 210 (a) is applicable to an action against an insurer where the policy at

---

* To the extent that our decision in *Howe v Mill Owners Mut. Fire Ins. Co. of Iowa* (241 App Div 336 [1934]) may be construed to the contrary, we note that it was decided prior to the enactment of Insurance Law § 3404 (e) and thus should no longer be followed.

issue contains the two-year limitations period contained in Insurance Law § 3404 (e).

Accordingly, we conclude that the order should be affirmed.

CENTRA, J.P., FAHEY, GREEN and PINE, JJ., concur.

It is hereby ordered that the order so appealed from is unanimously affirmed, without costs.