ROYAL INSURANCE COMPANY,
as subrogee of Corning, Inc.,
Plaintiff,

v.

EMERY AIR FREIGHT CORPO-
RATION, d/b/a Emery World-
wide, Defendant.

EMERY AIR FREIGHT COR-
PORATION, d/b/a Emery
Worldwide, Plaintiff,

v.

SINGAPORE AIRLINES, LTD.,
Third–Party Defendant.

No. 91 Civ. 8270 (CSH).

United States District Court,
S.D. New York.

Oct. 1, 1993.

Francis R. Matera, Matera & Associates, John A. Positano, Brooklyn, NY, for Emery Air Freight Corp.

Kevin F. Cook, Mount & Mendes, New York City, for Singapore Airlines.

## MEMORANDUM OPINION AND ORDER

HAIGHT, District Judge:

Plaintiff Royal Insurance Co. ("Royal") as subrogee of Corning, Inc. brings this action pursuant to the Convention for the Unification of Certain Rules Relating to International Transportation by Air ("Warsaw Convention"), 49 U.S.C.App. § 1502, for negligence and breach of contract resulting in damage to an air shipment of ceramic substrate. Royal alleges that defendant Emery Air Freight Corp. ("Emery") damaged the ceramic substrate while transporting it from the United States to South Korea. Emery moves pursuant to Rule 12(b)(6) Fed.R.Civ.P. to dismiss the claim on the ground that Royal failed to meet the time restrictions imposed by Articles 26 and 29 of the Warsaw Convention for commencing an action and notifying defen-

dant of the alleged damage. Emery has also filed a third-party action against Singapore Airlines, Ltd. ("SIA") seeking contribution or indemnification for any damages arising from Royal's suit. SIA in turn has moved to dismiss Emery's complaint for having exceeded the Convention's time limitations.

I conclude that plaintiff Royal fulfilled the Article 26 and 29 requirements of the Warsaw Convention, and therefore deny Emery's 12(b)(6) motion; at the same time, I grant SIA's motion to dismiss on the ground that Emery commenced its third-party action after the Article 29 time limitation had expired.

## BACKGROUND

Plaintiff alleges that on November 16, 1989, Corning, Inc. delivered a number of pallets of ceramic substrate in Roanoke, Virginia to defendant Emery, a common carrier for shipment by air, to Kimpo International Airport in the Republic of Korea. Emery accepted the pallets and agreed to ship them, consigned to Corning Korea. According to Royal, when the ceramic substrate was delivered by truck to Corning Korea on November 21, 1989, the wooden pallets had been removed in violation of the shipping agreement and the goods had been loaded upside down, thus causing damage to the ceramic substrate.

Defendant denies the alleged damage took place and further argues that Corning did not complain of any damage until well after one week had passed from the time of the delivery of the goods in Korea. Plaintiff, however, has produced an internal memo dated November 23, 1989 from an employee of Corning Korea discussing the alleged damage to the ceramic substrate. Corning claims that this memo was then faxed to Emery, and that Corning Korea further notified Emery of the problem by telephone on November 27, 1989.

After failing to resolve the dispute amicably, Royal filed its summons and complaint on November 11, 1991 and served the summons and complaint on one of defendant's vice-presidents the following day. Emery filed its response on January 6, 1992, denying the allegations, setting forth various affirmative defenses, and also initiating the third-party action against SIA.

## DISCUSSION

Both parties agree that the case is governed by the Warsaw Convention (the "Convention"). The Convention governs "international transportation of persons, baggage, or goods performed by aircraft for hire." Article 1(1). At issue in this case are the interpretation and application of Convention Articles 26 and 29.

Article 29 provides time limitations for the filing of suits under the Convention. Article 29 states:

(1) The right to damages shall be extinguished if an action is not brought within 2 years, reckoned from the date of arrival at the destination, or from the date on which the aircraft ought to have arrived, or from the date on which the transportation stopped.

(2) The method of calculating the period of limitation shall be determined by law of the court to which the case is submitted.

Article 29 thus requires that actions pursuant to the Warsaw Convention be brought within two years from the time that the shipment arrived at its destination.

Article 26(2) provides an additional requirement that in claims for damages for shipment of goods, the carrier must be notified of the complaint within seven days of the receipt of the shipment. Article 26(3) further requires that the complaint must be made in writing.

■ Emery argues that Article 29 of the Warsaw Convention does not apply to actions by carriers against other carriers, and cites a Canadian case as precedent. See Connaught Laboratories Ltd. v. Air Canada, 15 Av.Cas. (CCH) 17,795 17,708 (Ontario High Court of Justice 1978). Emery offers no American authority to support its contention. The limited persuasive value of the Connaught case is plainly outweighed by cases decided in this district and involving suits between carriers that have been held to come under the Warsaw Convention. See Data General v. Air Express International, 676 F.Supp. 538, 539 (S.D.N.Y.1988); L.B. Smith v. Circle Air

*Freight Corp.,* 128 Misc.2d 12, 488 N.Y.S.2d 547 (Sup.Ct.N.Y.1985). Because of the precedent in this district, and because no language in the treaty supports Emery's position, I hold that the Article 29 limitations apply to this action.

Emery next claims that Corning failed to provide timely notice of the damage to the goods and exceeded the two-year filing limitation. Royal, however, presents evidence in its affidavit that it fulfilled the time restrictions. It is undisputed that the delivery of the ceramic substrate took place on November 21, 1989. According to a letter written by an employee of Corning Korea, Emery was notified both by phone and by writing transmitted via fax of the alleged problems surrounding the shipment on November 27, 1989. *See* plaintiff's affidavit, Exhibits A & B. As for the two-year limitation, the action has been shown to have commenced with filing of the summons and complaint on November 11, 1991, *see* third-party defendant's Notice of Motion, Exhibit A, with service of summons and complaint occurring the following day. *See* plaintiff's Affidavit, Exhibit C. Drawing all inferences in favor of the nonmoving party, I conclude that Royal has met the Warsaw Convention time limitations for its action against Emery.

Third-party defendant SIA moves to dismiss Emery's complaint on the ground that Emery violated Article 29(1) by filing the third-party complaint on January 6, 1992, more than two years after the delivery of the shipment to Corning Korea. This motion raises the question of whether and how the two-year limitation of 29(1) applies to third-party actions. The Second Circuit has not addressed this question, and this court has expressed conflicting interpretations of Article 29. *Compare Data General Corp. v. Air Express International,* 676 F.Supp. 538, 540–41 (S.D.N.Y.1988) (holding that Article 29 is a condition precedent to suit, and thus bars absolutely all claims after two years have elapsed) *with Joseph v. Syrian Arab Airlines,* 88 F.R.D. 530, 532 (S.D.N.Y.1980) (holding that Article 29 allows court to toll the two-year limit whenever the state law would toll the state statute of limitation).

Courts in this country and abroad are divided on whether Article 29 constitutes a condition precedent to suit which would bar all claims after two years, or a statute of limitations which courts may apply flexibly in accordance with local law. *See Lawrence B. Goldhirsch, The Warsaw Convention Annotated: A Legal Handbook,* 155–56 (1988) (hereinafter "Goldhirsch, The Warsaw Convention Annotated"). Article 29(2) is the primary cause of the confusion, because its language, "[t]he method of calculating the period of limitation shall be determined by the law of the court to which the case is submitted," could be interpreted as allowing local statutes of limitations to modify the two-year limitations contained in Article 29(1).

In *Joseph,* the Court relied on California case, *Flanagan v. McDonnell Douglas Corp.,* 428 F.Supp. 770 (C.D.Cal.1977), in holding that under the Convention the court must toll the two-year limitation whenever state law tolls the state statute of limitation. *See Joseph,* 88 F.R.D. at 532. In *Flanagan,* which involved a wrongful death action brought in the aftermath of a plane crash, the court held that Article 29 was a statute of limitations and interpreted Article 29(2) to mean that "the method of calculating the period of limitation is under [local] law," *Flanagan,* 428 F.Supp. at 776. The *Flanagan* court concluded that California law allowed the tolling of the two-year statute of limitations.

In addition to relying on *Flanagan* as precedent, the *Joseph* court justified its decision by emphasizing the general function of statutes of limitations under domestic law. Statutes of limitations serve to "give timely notice to the defendant of a claim against him. Also statutes of limitations are designed to spare the courts from litigation on stale claims and to avoid surprising the parties after the facts may have been obscured, witnesses become unavailable, or the evidence is lost." *Joseph,* 88 F.R.D. at 532 (citations omitted). The court then concluded that in order to apply the limitations faithfully to their overarching function of notice and fairness, the local court may be allowed flexibility in applying the statute of limitations.

■ I agree with the *Data General* decision and the weight of New York case law

that the local court may not toll the two-year limitation even for third-party plaintiff suits. The *Flanagan* and *Joseph* line of argument advanced by Emery is not convincing, because it sacrifices the unambiguous legislative history of an international treaty in favor of a few general goals of statutes of limitations.

 The legislative history shows that the drafters of the Convention specifically considered and rejected a proposed provision that would have allowed the statute of limitations to be tolled according to the law of the forum court. *See* R.C. Horner and D. Legrez, Minutes of the Second International Conference on Private Aeronautical Law, 110–113 (1975); *Kahn v. Trans World Airlines, Inc.*, 82 A.D.2d 696, 443 N.Y.S.2d 79, 85–87 (1981) (examining legislative history and concluding that Warsaw Convention bars tolling of the two-year limitation); *L.B. Smith v. Circle Air Freight Corp.*, 488 N.Y.S.2d at 549; *see also Split End Ltd. v. Dimerco Express, Inc.*, 19 Av.Cas. (CCH) 18,364, 1986 WL 2199 (S.D.N.Y.1986) (Article 29 bars third-party actions brought more than two years after date of delivery). According to the legislative history, the purpose of Article 29(2) is to allow courts to determine in accordance with local law when an action has been "brought" as required by Article 29(1). *See Kahn*, 443 N.Y.S.2d at 87; *see also Goldhirsch, The Warsaw Convention Annotated*, at 154–55. Thus, courts should use local law to determine what events mark the bringing of an action, but not whether or not to enforce absolutely the two-year limitation.

It is a well established tenet of treaty interpretation that courts should construe a treaty's terms liberally in order to give effect to the intention of the high contracting parties. Because the legislative history of Article 29 of the Warsaw Convention indicates that the framers did not intend any tolling of the two-year limitation, I conclude that this Court may not extend the limitation for third-part actions.

In the instant case, Emery does not contest that its third-party action did not begin until January 6, 1992, more than two years after the original delivery date of November 21, 1989. Given these facts, I conclude that SIA's motion to dismiss for failure to commence a timely suit should be granted.

There being no just cause for delay, the Clerk of the Court is directed to dismiss the third-party complaint with prejudice. *See* Rule 54(b), Fed.R.Civ.P.

Counsel for the remaining parties are directed to attend a status conference in Room 307 on November 12, 1993 at 3:00 p.m.

It is SO ORDERED.