**Mayra CASTRO on behalf of herself and on behalf of her two children, Christian Hernandez and Anthony Hernandez, Plaintiffs,**

v.

**David R. HINSON, Administrator of the Federal Aviation Administration; Samuel Skinner and T. Allan McArtor, both Administrators of the Federal Aviation Administration; Norman A. Strickland, Chief, Aviation Consumer Protection Division office of Aviation Enforcement and Proceedings; and American Airlines, Inc., Defendants.**

No. 96 CV 1865(SJ).

United States District Court,
E.D. New York.

March 28, 1997.

Mayra Castro, New York City, pro se.

U.S. Department of Justice, Princeton, by Patrick E. Bradley, Princeton, NJ, for Defendants Hinson, Skinner, McArtor, and Strickland.

Quirk And Bakalor, P.C. by Anoushka Sharifi, New York City, NJ, for Defendant American Airlines, Inc.

### MEMORANDUM AND ORDER

JOHNSON, District Judge:

Before the Court is a motion brought by defendant American Airlines, Inc., to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6). For the reasons stated below, defendant's motion is granted.

162

## BACKGROUND

Plaintiff Mayra Castro, appearing *pro se* on behalf of herself and her two infant sons, alleges that she and her sons were injured on board American Airlines Flight 611 ("Flight 611") as it made its way from John F. Kennedy International Airport ("JFK") in New York to Puerto Plata in the Dominican Republic on August 15, 1993. Specifically, Ms. Castro alleges that despite bad weather conditions and hurricane warnings, Flight 611 departed JFK at 10:30 am on August 15, 1993, and that within one hour the airplane encountered extreme turbulence, causing herself and her children both physical and emotional distress.

Besides causing all three of them to vomit, Ms. Castro states that her two sons "suffered injuries caused by the belts of the ... plane's seats," and that she suffered severe burns on her right arm when a stewardess "negligently dropped a tray of hot food on [her] ...." Complaint at 4. Finally, plaintiffs allege that because the pilot subsequently informed the passengers that they might have to make an emergency landing on the water, they suffered extreme emotional distress and continue to this day "to suffer ... nightmares and fears of airplane flight-trips." Complaint at 4.

Ms. Castro and her two children filed this action against various employees of the Federal Aviation Administration ("FAA") on April 18, 1996, and subsequently amended their complaint to add defendant American Airlines, Inc. ("American" or "defendant") on June 7, 1996. Shortly thereafter, the federal defendants moved to substitute the United States of America as defendant in place of the FAA employees, and to dismiss the claims against the United States as time-barred. After a hearing on the matter on October 25, 1996, during which the parties consented to Magistrate Judge Caden deciding the motion, Magistrate Judge Caden signed an Order dated November 7, 1996 granting the motion.[1]

The remaining defendant, American, has now brought a motion to dismiss plaintiffs' claims for failure to state a claim upon which relief can be granted pursuant to Fed. R.Civ.P. 12(b)(6).

## DISCUSSION

American argues, in part, that plaintiffs' claims should be dismissed because they are time-barred. Specifically, defendant argues that plaintiffs' claims are governed by the terms of the Warsaw Convention, and that Article 29 of that convention requires claims to be brought within two years of the arrival of the aircraft at its destination. Because Flight 611 arrived in Puerta Plata on August 15, 1993, and plaintiffs filed their claims against American only on June 7, 1996, American argues that this Court should dismiss plaintiffs' claims as time-barred.

### I. *Applicability of the Warsaw Convention.*

■ Plaintiffs' claims in this case are governed by the Warsaw Convention. *See* Convention for the Unification of Certain Rules Relating to International Transportation by Air, done at October 29, 1929, 49 Stat. 3000, T.S. No. 876, reprinted at 49 U.S.C. § 40105 note (hereinafter "Convention"). The Convention applies "to all international transportation of persons, baggage, or goods performed by aircraft for hire." *Id.* at Art. 1(1). International transportation, in turn, is defined as "any transportation in which, according to the contract made by the parties, the place of departure and the place of destination, whether or not there be a break in the transportation or a transshipment, are situated ... within the territories of two High Contracting Parties ... " *Id.* at Art. 1(2). The United States and the Dominican Republic, which were, respectively, the place of departure and destination for Flight 611, are both High Contracting Parties. *See Hartford Insurance Co. v. Compania Dominicana de Aviacion,* No. CV–90–0622, 1990 WL 198744, at *4, 6 n. * (E.D.N.Y. Nov. 19, 1990).

---

**1.** Although Magistrate Judge Caden's November 7, 1996 Order does not state the reason for the dismissal of the claims, it was likely based on the government's argument that the claims were time-barred pursuant to 28 U.S.C. § 2401(b) ("A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues ...").

Flight 611 was therefore engaged in international transportation as defined by the Warsaw Convention.

■ Additionally, Article 17 of the Convention provides that "[t]he carrier shall be liable for damage sustained in the event of the death or wounding of a passenger or any other bodily injury suffered by a passenger, if the accident which caused the damage so sustained took place on board the aircraft...." Convention, Art. 17. As plaintiffs' allegations make clear, the injuries sustained by Ms. Castro and her two sons took place on board Flight 611, and the Warsaw Convention therefore provides for American's liability to them. Because the Convention applies to plaintiffs' claims, it provides the exclusive avenue for relief and state law is preempted. *See In re Air Disaster at Lockerbie, Scotland, on December 21, 1988,* 928 F.2d 1267, 1273–74 (2d Cir.), *cert. denied,* 502 U.S. 920, 112 S.Ct. 331, 116 L.Ed.2d 272 (1991).

## II. *The Convention's Statute of Limitations: Article 29.*

Article 29 of the Convention provides for a two-year statute of limitations:

> The right to damages shall be extinguished if an action is not brought within 2 years, reckoned from the date of arrival at the destination, or from the date on which the aircraft ought to have arrived, or from the date on which the transportation stopped.

Convention, Art. 29(1). Because Flight 611 arrived in Puerta Plata on August 15, 1993, plaintiffs' claims were extinguished on August 15, 1995—long before they filed their claims against American on June 7, 1996, or served American on July 18, 1996. Accordingly, defendant argues that plaintiffs' claims should be dismissed as time-barred.

### A. *Tolling.*

■ Plaintiffs argue, however, that the two-year limitation period should be tolled during the two children's infancy pursuant to

N.Y. C.P.L.R. § 208 (McKinney 1990).[2] American responds that Article 29(1) is a condition precedent to bringing an action under the Warsaw Convention, and is not subject to tolling under the law of the forum court.

A few courts have found that Article 29 is subject to the forum court's tolling provisions, *see, e.g., Joseph v. Syrian Arab Airlines,* 88 F.R.D. 530, 532 (S.D.N.Y.1980), usually relying on their reading of Article 29(2), which provides that "[t]he method of calculating the period of limitation shall be determined by the law of the court to which the case is submitted." More often, however, courts have found that the two-year limit is not subject to tolling. *See, e.g., Fishman by Fishman v. Delta Air Lines, Inc.,* 938 F.Supp. 228, 231 (S.D.N.Y.1996); *Royal Insurance Co. v. Emery Air Freight Corp.,* 834 F.Supp. 633, 636 (S.D.N.Y.1993); *Data General Corp. v. Air Express Int'l Co.,* 676 F.Supp. 538, 540 (S.D.N.Y.1988); *Kahn v. Trans World Airlines, Inc.,* 82 A.D.2d 696, 443 N.Y.S.2d 79, 87 (App.Div.1981).

■ These latter courts concluded that tolling was inappropriate after examining the legislative history of Article 29. That history shows that the Convention drafters specifically considered and rejected a version of Article 29 which would have allowed the statute of limitations to be tolled by the law of the forum court. *See, e.g., Royal Insurance Co. v. Emery Air Freight Corp.,* 834 F.Supp. at 636. It also shows that the purpose of Article 29(2) was to have courts apply local law simply to determine when an action has been "brought," rather than to apply local tolling rules. *See Fishman by Fishman v. Delta Air Lines, Inc.,* 938 F.Supp. at 231. This Court therefore rejects plaintiffs' argument that the Convention's two-year limit is subject to New York tolling provisions.

As for determining when the action against American was "brought," this Court need not decide whether federal or New York law is "the law of the court to which the case is

---

**2.** Plaintiffs also seem to argue that the two years should be tolled for the ninety days during which they were in the Dominican Republic. Although they cite no New York rule, they argue that the period should be tolled because they could not

have brought an action during the period of their absence from this country. The Court need not address the merits of this argument because even if accepted, the ninety days would not bring them within the two-year time limit.

submitted." Under either federal or New York rules, the case was not brought within the two-year period.[3]

### B. *Article 25.*

■ Plaintiffs also argue that the two-year limit does not apply to their claims because they have alleged that American acted with "wilful misconduct" by allowing Flight 611 to fly in obviously dangerous conditions. Article 25 of the Warsaw Convention provides that:

> [t]he carrier shall not be entitled to avail himself of the provisions of this convention which exclude or limit his liability, if the damage is caused by his wilful misconduct....

Convention, Art. 25(1). Plaintiffs apparently argue that because the statute of limitations embodied in Article 29 excludes American's liability, American should not be entitled to avail itself of that provision, and it should not apply to this case.

■ While there is some debate over which provisions of the Convention "exclude or limit" liability, the Second Circuit has specifically found that the phrase does *not* refer to the statute of limitations provision of Article 29(1). *In re Air Disaster at Lockerbie, Scotland, on December 21, 1988,* 928 F.2d at 1286 ("Article 25.. does not lift every limit on a carrier's liability. For example, it does not lift Article 29's statute of limitations.") (citing *Molitch v. Irish Int'l Airlines,* 436 F.2d 42, 44 (2d Cir.1970)). Plaintiffs' allegation that American acted wilfully therefore does not preclude the application of the two-year statute of limitations to their claims.

### C. *Lack of Notice.*

■ Finally, plaintiffs argue that the two-year limit should not apply to their claims because no notice of such a limit was provided on the passenger tickets they received and used for Flight 611. The Second Circuit, however, has specifically rejected this argument, stating that "[e]xtension of the re-

quirement of notice to the statute of limitations would be both meaningless and unjustified." *Molitch v. Irish Int'l Airlines,* 436 F.2d 42, 44 (2d Cir.1970). Accordingly, plaintiffs' final argument for not applying the two-year statute of limitations to their action against American is also rejected.

Plaintiffs failed to bring their action against American within the two-year limitations period imposed by Article 29(1) of the Warsaw Convention. This Court therefore need not consider American's alternative arguments for dismissing plaintiffs' complaint, and grants American's motion to dismiss the complaint for failure to state a claim upon which relief can be granted.

### CONCLUSION

For the reasons stated above, American's motion to dismiss is granted. Because the claims against the remaining defendants in this case were already dismissed by order of Magistrate Judge Caden, the Clerk of the Court is directed to close this case.

SO ORDERED.

---

**3.** New York provides that an action is considered to begin when served on the defendant, *see* N.Y. C.P.L.R. § 304, while the Federal Rules of Civil Procedure provide that an action begins "by filing a complaint with the court." Fed.R.Civ.P. 3.