**MOTOROLA, INC., et al., Plaintiffs,**

v.

**MSAS CARGO INTERNATIONAL, INC., et al., Defendants.**

No. C 98–0370 SI.

United States District Court, N.D. California.

Nov. 18, 1998.

Christopher J. Enge, Gibson & Robb, San Francisco, CA, for plaintiffs.

Arthur A. Leonard, Sands, Norwitz, Forgie, Leonard & Lerner, Los Angeles, CA, for MSAS Cargo, defendant.

David T. Condra, Condon & Forsythe, Los Angeles, CA, for Asiana Airlines, defendant.

## ORDER GRANTING ASIANA AIRLINES' MOTION FOR SUMMARY JUDGMENT

ILLSTON, District Judge.

On October 30, 1998, the Court heard argument on defendant Asiana Airlines, Inc.'s ("Asiana's") motion for summary judgment pursuant to Fed.R.Civ.P. 56. Having carefully considered the moving and opposing papers and the arguments of counsel, and for the reasons set out below, Asiana's motion is hereby GRANTED, based both on the applicable limitations period as set forth by Article 29 of the Warsaw Convention [1] and on the notice of claim requirements in Article 26 of the Warsaw Convention.

## BACKGROUND

This action arises from the alleged damage to a "consignment" of computer equipment shipped from San Francisco, California, and arriving in Tokyo, Japan, on February 10, 1996. (Declaration of Kevin R. Sutherland (Sutherland Decl.) ¶ 3, Exhibit A ¶ 5; Declaration of Kevin P. Cummisky (Cummisky Decl.) ¶ 4). Plaintiffs are Motorola, Inc. and Nippon Motorola Ltd., the owners of the cargo,

and American Home Assurance Co., Ltd, the subrogated insurer of the consignment. (Sutherland Decl. ¶ 3, Exhibit A ¶ 7). No facts are in dispute.

Motorola retained defendant MSAS Cargo International, Inc. ("MSAS") to arrange for transportation of the consignment from San Francisco to Tokyo. Pursuant to its agreement with Motorola, MSAS issued air waybill No. SFO 02 113388 to Motorola, Inc., with Nippon Motorola as the consignee. (Declaration of Alexandra Smith (Smith Decl.) ¶ 5, Exhibit A). MSAS then arranged for Asiana to transport the consignment. (Cummisky Decl. ¶ 3, Exhibit E). The MSAS/Asiana arrangement is the subject of Asiana air waybill No. 988–9806 1960. (Cummisky Decl. ¶ 4).

When the consignment was picked up by Nippon Motorola at the MSAS warehouse on February 12, 1996, damage to the consignment was noted on the front of the MSAS air waybill. (Smith Decl. ¶ 9, Exhibit A). There is no indication or allegation that Asiana was ever informed or knew of the damage to the consignment prior to commencement of this suit. (Cummisky Decl. ¶ 5).

On January 30, 1998, plaintiffs filed a complaint against MSAS alleging that MSAS damaged the consignment. On March 16, 1998, MSAS filed a third-party complaint for indemnity and contribution against Asiana. Plaintiffs subsequently filed an amended complaint on April 2, 1998, adding Asiana as a defendant. On October 2, 1998, Asiana filed the instant motion for summary judgment with respect to all claims against it in the current action.

## LEGAL STANDARD

A motion for summary judgment may be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,

1. Convention for the Unification of Certain Rules Relating to International Transportation by Air, October 12, 1929, 49 Stat. 3000 (1934), T.S. No. 876, 137 L.N.T.S. 11, *reprinted in* 49 U.S.C. § 40105 note (1997) (hereinafter "Warsaw Convention").

show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

The moving party bears the initial burden of "informing the district court of the basis for its motion" and identifying the matter that "it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the moving party meets this burden, the nonmoving party must then set forth "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); *see also T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir.1987).

"[O]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *See Thornhill Pub. Co. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir.1979).

The evidence presented by the parties in support of or opposition to a motion for summary judgment must be admissible. *See* Fed.R.Civ.P. 56(e). In evaluating this evidence, the Court does not make credibility determinations or weigh conflicting evidence, and draws all inferences in the light most favorable to the nonmoving party. *T.W. Elec. Serv.*, 809 F.2d at 630–31 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)); *Ting v. United States*, 927 F.2d 1504, 1509 (9th Cir.1991).

## DISCUSSION

Asiana has moved for summary judgment on two alternative theories: (1) plaintiffs failed to bring their claim against Asiana within the applicable two-year time limit set forth in Article 29 of the Warsaw Convention, and (2) Asiana did not receive timely notice of a claim for the alleged damage to the consignment as required by Article 26 of the Warsaw Convention. Each argument will be examined separately below.

### 1. The Two-year Limitation Bars Suit

It is undisputed that this action is governed by the provisions of a multilateral treaty of the United States known as the Warsaw Convention. (Sutherland Decl. Exhibit A ¶ 3). As a treaty of the United States, the Warsaw Convention is the supreme law of the land. U.S. Const. art. VI, cl. 2; *Air France v. Saks*, 470 U.S. 392, 406, 105 S.Ct. 1338, 1346, 84 L.Ed.2d 289 (1985). Article 29(1) of the Warsaw Convention provides a two-year statute of limitations as follows:

[t]he right to damages shall be extinguished if an action is not brought within 2 years, reckoned from the date of arrival at the destination, or from the date on which the aircraft ought to have arrived, or from the date on which the transportation stopped.

Warsaw Convention, art. 29(1), 49 Stat. 3021.

Asiana argues that suit against it arising from this incident was time-barred as of February 10, 1998, two years from the date of arrival of the consignment. Since no action against Asiana was brought by MSAS until March 16, 1998, and by plaintiffs until April 2, 1998, both actions are time barred under the two year statute of limitations of the Warsaw Convention. Asiana presents a long line of cases that confirm an air carrier is entitled to dismissal where, as here, the action has not been commenced within the two-year period prescribed by the Warsaw Convention. *Fishman v. Delta Air Lines, Inc.*, 132 F.3d 138, 143–145 (2nd Cir.1998); *Sassouni v. Olympic Airways*, 769 F.Supp. 537, 541 (S.D.N.Y.1991).

In response, plaintiffs and MSAS make two arguments. First, both plaintiffs and MSAS argue that application of the rela-

tion back doctrine under Fed.R.Civ.P. 15(c) allows them to relate the admittedly untimely filing of their respective claims against Asiana back to the date of the filing of the original complaint. Second, MSAS separately argues that the two year limitations period under the Warsaw Convention does not apply to indemnity claims of one carrier against another. Each argument will be addressed separately below.

## A. The Relation Back Argument

█ Plaintiffs and MSAS contend that the amended complaint relates back per F.R.C.P. 15(c) to the initial filing date of this action, which was within the two-year period. Courts applying Rule 15(c), since its amendment in 1991, have consistently held that the new defendant need only receive knowledge of the complaint within the 120 day period for service of the original summons and complaint. *See Hill v. United States Postal Service*, 961 F.2d 153, 155 (11th Cir.1992); *Skoczylas v. Federal Bureau of Prisons*, 961 F.2d 543, 545 (5th Cir.1992). Here, plaintiffs' amended complaint and summons on Asiana were filed within 120 days of the initial filing. Therefore, plaintiffs contend that the relation back doctrine applies and the action against Asiana is timely.

Asiana responds that the two year limitations period set forth in Article 29 of the Warsaw Convention is not subject to extensions under the laws of the local forum states. Referencing the draft minutes of the Convention, Asiana argues that the original drafters of the Convention specifically considered and rejected a proposed provision that would have allowed exceptions to the limitations period according to the law of the forum court. *See Kahn v. Trans World Airlines, Inc.*, 82 A.D.2d 696, 443 N.Y.S.2d 79, 85–87 (1981) (examining legislative history and concluding that

Warsaw Convention bars tolling of the two year limitations period). A majority of courts have followed *Kahn* and refused to allow exceptions to the Convention's two year limitations period. *See Fishman v. Delta Air Lines, Inc.*, 132 F.3d 138, 143 (2d Cir.1998) (citing list of cases following *Kahn* ).

The Court agrees with Asiana that statutes that extend the limitations period, such as Rule 15(c), may not be applied to the Warsaw Convention's limitations period under Article 29(1). The preamble to the Convention states that its purpose is to provide uniformity in the field of international air transportation. *Royal Ins. Co. v. Emery Air Freight Corp.*, 834 F.Supp. 633, 636 (S.D.N.Y.1993). The objective of uniformity would be frustrated were the Court to allow plaintiffs and MSAS to apply F.R.C.P. 15(c) to the limitations period under Article 29(1). Following an examination of the minutes of the Warsaw Convention, *Kahn* concludes that "the delegates to the Warsaw Convention expressly desired to remove those actions governed by the Convention from the uncertainty that would attach were they to be subjected to the various tolling provisions of the laws of the member states.... [T]he two-year time limitation specified in Article 29 was intended to be absolute—barring any action that was not commenced within the two-year period." *Kahn*, 443 N.Y.S.2d at 79.[2]

The Court notes that one court has reasoned to the contrary. *See Halmos v. Pan American World Airways, Inc.*, 727 F.Supp. 122, 123 (S.D.N.Y.1989). The majority of courts that have considered the drafters' minutes, however, have ruled that extensions of the two-year bar do not apply to Article 29(1). *Fishman v. Delta Air Lines, Inc.*, 132 F.3d at 143 ("Almost every court that has reviewed the drafting min-

---

**2.** The decisions cited herein involve tolling provisions, while Rule 15(c) "extends" rather than "tolls" the limitations period. The rationale that forbids local forums from tolling the limitations period, applies with equal force, however, to local statutes that would extend

the limitations period, such as Rule 15(c). Local laws that lengthen the two-year period, whether through tolling or relation back, frustrate the Convention's objectives of uniformity and certainty.

utes of the Convention, including the district court in this case, has rejected the contention that Article 29 incorporates the tolling provisions otherwise applicable in the forum.").[3] Accordingly, plaintiffs and MSAS may not avail themselves of F.R.C.P. 15(c) for the purpose of circumventing the two year limitation bar under Article 29(1) of the Warsaw Convention. Since their actions were both filed against Asiana beyond the two year limit, the Court finds their actions time-barred under Article 29 of the Warsaw Convention.

### B. The Indemnity Argument

■ As an alternative argument, MSAS contends that the limitations period of Article 29 does not apply to MSAS' third-party action because it is an indemnity action by one air carrier against another air carrier. *Connaught Laboratories, Ltd. v. Air Canada*, 15 Av. Cas. (CCH) 17,705, 17,708–09 (Ontario High Court of Justice 1978). According to MSAS's argument, the method of calculating the limitations period is determined according to the law of the state in which the action is pending. *See Flanagan v. McDonnell Douglas Corp.*, 428 F.Supp. 770, 776 (C.D.Cal.1977). Under California law an action for indemnity does not arise until payment is actually made by the party seeking indemnity. *See U.S. Cold Storage of California v. Matson Nav. Co.*, 162 Cal.App.3d 1228, 1231, 209 Cal.Rptr. 144 (1984). By this argument, MSAS' cause of action for indemnity against Asiana would be tolled until a verdict is entered against MSAS for the alleged damages.

Asiana responds that U.S. courts have explicitly rejected the notion that the Convention does not cover indemnity actions between carriers. *Data General Corp. v. Air Express Int'l Co.*, 676 F.Supp. 538, 540

(S.D.N.Y.1988). Asiana argues that the Warsaw Convention applies to third party indemnity actions between carriers, and that, as discussed above, the limitations period under Article 29(1) cannot be tolled by reference to local rules.

The Court agrees with Asiana. In support of its argument, MSAS relies on a Canadian case, *Connaught*. Most American courts, however, do not follow *Connaught*. As explained in *Royal Ins. Co.*, 834 F.Supp. at 634: "The limited persuasive value of the *Connaught* case is plainly outweighed by cases decided in this district and involving suits between carriers that have been held to come under the Warsaw Convention." *Royal Ins. Co.*, 834 F.Supp. at 634. In *Split End Ltd. v. Dimerco Express Inc.*, 19 Av.Cas. (CCH) 18,364 (S.D.N.Y.1986), the court held that the Convention's two year time limit "constitutes a condition precedent—an absolute bar—to bringing suit, *including third-party actions for contribution and indemnification*, not commenced within two years." Id. at 18,369 (emphasis added).

Based on abundant precedent, this Court rejects MSAS's contention that indemnity actions between carriers are not subject to the two-year limitations period under the Warsaw Convention. As discussed above, local tolling provisions cannot extend the limitations period. MSAS's third party claims against Asiana are therefore time-barred under Article 29 of the Warsaw Convention.

### 2. Lack of Timely Notice Bars Suit

■ In addition to the statute of limitations argument discussed above, Asiana also seeks summary judgment based on failure to provide Asiana timely notice under Article 26 of the Warsaw Convention.

**3.** We note that an older federal case in California applied a state wrongful death statute to toll the Warsaw Convention's limitations period. *See Flanagan v. McDonnell Douglas Corp.*, 428 F.Supp. 770 (C.D.Cal.1977). This case, however, has been criticized for ignoring the draft minutes of the Convention before reaching its conclusion, and has not been

followed by a majority of the courts. *See Royal Ins. Co. v. Emery Air Freight Corp.*, 834 F.Supp. 633, 636 (S.D.N.Y.1993) ("The *Flanagan* ... line of argument ... is not convincing because it sacrifices the unambiguous legislative history of an international treaty in favor of a few general goals of statutes of limitations.")

Under Article 26, notice of damage must be provided to the carrier at fault within seven days of the receipt of the goods.[4] MSAS and plaintiffs concede that Asiana did not receive actual notice of the damage within the seven day period. They argue, however, that since MSAS received actual notice of the damage within the seven day period, this constitutes constructive notice to Asiana.

■ Ordinarily, the failure to provide timely written notice of claim for damaged goods under Article 26 mandates dismissal of any action based upon such a claim. *Hitachi Data Sys. Corp. v. United Parcel Serv., Inc.*, 76 F.3d 276, 279 (9th Cir.1996). MSAS and plaintiffs argue, however, that timely notice to MSAS is the functional equivalent of timely notice to Asiana, relying solely on *Maschinenfabrik Kern, A.G. v. Northwest Airlines*, 562 F.Supp. 232, 236 (N.D.Ill.1983). In *Maschinenfabrik*, a shipment of duplicating machines was damaged sometime during a passage from the United States to Switzerland involving five separate carriers. Timely notice of damage was provided to only one of the carriers. The court nevertheless held that "timely written notice to one carrier in the chain of a unitary transportation of damaged goods is ... notice to all." *Id.* at 236. The court found that the operation was unitary, in part because there were no separate contracts between the parties.

The Court finds *Maschinenfabrik* distinguishable from the instant facts. In *Maschinenfabrik*, the court found "unitary transportation where there were no separate contracts between the parties". In the instant case, however, it is undisputed that separate contracts existed between MSAS, plaintiffs, and Asiana. Asiana was not party to the air waybill between plaintiffs and MSAS, nor were plaintiffs party to the air waybill between MSAS and Asiana. Therefore no basis exists to construe the overall relationship between the parties as "unitary," or to find constructive notice in accordance with *Maschinenfabrik*.

Neither the plaintiffs nor MSAS has alleged any facts which indicate Asiana had timely notice of the alleged damage. Therefore, this Court finds that the actions against Asiana are barred by Article 26(4).

## CONCLUSION

For the foregoing reasons, the Court finds that no triable issue of fact or law exists and that Asiana is entitled to judgment as a matter of law. The Court therefore GRANTS Asiana's motion for summary judgment.

**IT IS SO ORDERED.**

---

4. Article 26 of the Warsaw Convention states in pertinent part:

(1) Receipt by the person entitled to the delivery of baggage or goods without complaint shall be prima 11 facie evidence that the same have been delivered in good condition and in accordance with the document of transportation.

(2) In the case of damage, the person entitled to delivery must complain to the carrier forthwith after the discovery of the damage, and, at the latest, ... 7 days from the date of receipt in the case of goods....

(3) Every complaint must be made in writing upon the document of transportation or by separate notice in writing dispatched within the times aforesaid.

(4) Failing complaint within the times aforesaid, no action shall lie against the carrier, save in the case of fraud on his part.